Ray FORRESTER, Plaintiff–Appellant,

v.

RAULAND–BORG CORPORATION, Defendant–Appellee.

No. 05–4650.

United States Court of Appeals, Seventh Circuit.

Submitted May 3, 2006.

Decided June 29, 2006.

Rehearing Denied July 26, 2006.

Ray Forrester (submitted), Chicago, IL, pro se.

William N. Krucks, Freeborn & Peters, Chicago, IL, for Defendant–Appellee.

Before POSNER, EASTERBROOK, and WOOD, Circuit Judges.

POSNER, Circuit Judge.

■ The plaintiff filed a Title VII suit against his former employer, who had fired him on the basis of a complaint of sexual harassment by a female coworker. The district court granted summary judgment for the employer. The plaintiff has appealed, arguing that the employer's investigation of the complaint was shoddy. But as we have said countless times, the question in a discrimination case is not whether the employer's stated nondiscriminatory ground for the action of which the plaintiff is complaining is correct but whether it is the true ground of the employer's action rather than being a pretext for a decision based on some other, undisclosed ground. E.g., *Stewart v. Henderson*, 207 F.3d 374, 378 (7th Cir.2000). If it is the true ground and not a pretext, the case is over. If it is not the true ground, the employer may still be innocent of discrimination, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146–47, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); he may for example have lied to conceal a reason that was discreditable but not discriminatory. See *Visser v. Packer Engineering Associates, Inc.*, 924 F.2d 655, 657 (7th Cir.1991) (en banc). But the case could not be resolved on summary judgment, because a trier of fact (judge or jury) would be entitled to infer a discriminatory motive from the pretextual character of the employer's ground. *Reeves v. Sanderson Plumbing Products, Inc., supra*, 530 U.S. at 147–48, 120 S.Ct. 2097; *O'Neal v. City of New Albany*, 293 F.3d 998, 1005 (7th Cir.2002).

■ All this would be too familiar to require repetition in a published opinion were it not for a persistent dictum to the effect that pretext can be shown not only by proof that the employer's stated reason was not the honest reason for his action but also by proof that the stated reason was "insufficient to motivate" the action. E.g., *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803, 813 (7th Cir.2005); *Davis v. Con–Way Transportation Central Express, Inc.*, 368 F.3d 776, 784 (7th Cir. 2004); *Dyrek v. Garvey*, 334 F.3d 590, 598 (7th Cir.2003); *Hoffman–Dombrowski v. Arlington Int'L Racecourse, Inc.*, 254 F.3d 644, 652 (7th Cir.2001); *Amini v. Oberlin College*, 440 F.3d 350, 360 (6th Cir.2006); *McClain v. NorthWest Community Corrections Center Judicial Corrections Bd.*, 440 F.3d 320, 332 (6th Cir.2006); *Browning v. Department of the Army*, 436 F.3d 692, 695 (6th Cir.2006). It is time the dictum was laid to rest. (Because so many decisions in this and other courts repeat the dictum, we circulated this opinion to the full court before issuing it. 7th Cir. R. 40(e). No judge in regular active service voted to hear the case en banc.) It adds nothing to the analysis of pretext but confusion. If the stated reason for the challenged action did not motivate the action, then it was indeed pretextual. If it was *insufficient* to motivate the action, either this means that it didn't motivate it, or that it shouldn't have motivated it. If the first is the intended sense, the dictum is just a murky way of saying that the stated

reason was not the real reason. If the second sense is the one intended, then the dictum is wrong because the question is never whether the employer was mistaken, cruel, unethical, out of his head, or downright irrational in taking the action for the stated reason, but simply whether the stated reason *was* his reason: not a good reason, but the true reason.

The multiplication of distinctions beyond differences is a disease of the legal profession against which the judiciary has not been inoculated. It is a pernicious disease because it invites confusion between merely semantic variation and substantive difference. The "sufficiency" formula could easily be understood as creating an alternative to the "true reason" test, especially when it is formulated, as it frequently is, as one of *three* alternative criteria, as when courts say that to demonstrate pretext the plaintiff must show that the employer's stated reason "1) had no basis in fact; 2) did not actually motivate its decision; or 3) was insufficient to motivate its decision." E.g., *Davis v. Con–Way Transportation Central Express, Inc.*, *supra*, 368 F.3d at 784. Understood as creating a third alternative, the insufficiency formula would tacitly effect a fundamental change in settled law.

Probably all that is meant is that nondiscriminatory factors may have influenced the employer but not to the extent of actually inducing the action of which the employee is complaining. This is suggested by the variants of the three-part formula that are found in *Webber v. International Paper Co.*, 417 F.3d 229, 237 (1st Cir. 2005) (emphasis in original)—"had no basis in fact, did not actuate the termination, *or* was insufficiently weighty to motivate such a decision"—and in the case that invented the test, *La Montagne v. American Convenience Products, Inc.*, 750 F.2d 1405, 1414–15 (7th Cir.1984) (though there is an anticipatory hint of the test in *T & S Service Associates, Inc. v. Crenson*, 666 F.2d 722, 727 (1st Cir.1981)). The opinion in *LaMontagne* states that pretext may be proved "by showing that the Company's reasons have no basis in fact, by showing that they were not really factors motivating the discharge, or, if they were factors, by showing that they were jointly insufficient to motivate the discharge"—in other words, they were factors that the employer considered but that did not have enough weight in his thinking to induce him to take the action complained of. (See also *Davis v. Wisconsin Dept. of Corrections*, 445 F.3d 971, 977 (7th Cir.2006), where the "insufficiency" test was used in this sense.) But this is implicit in the "true reason" test (see *Gordon v. United Airlines, Inc.*, 246 F.3d 878, 890–91 (7th Cir.2001), and *Stalter v. Wal-Mart Stores, Inc.*, 195 F.3d 285, 290 (7th Cir.1999)): if the stated reason, even if actually present to the mind of the employer, wasn't what induced him to take the challenged employment action, it was a pretext.

*Johnson v. Kroger Co.*, 319 F.3d 858, 866–67 (6th Cir.2003), and *Manzer v. Diamond Shamrock Chemicals Co.*, 29 F.3d 1078, 1084 (6th Cir.1994), give still another twist to the "sufficiency" test. They deem it satisfied by "evidence that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff." *Id.*; 319 F.3d at 866. Again this is evidence that the stated reason was not the true one. *Cicero v. Borg–Warner Automotive, Inc.*, 280 F.3d 579, 589 (6th Cir. 2002), distinguishes tests 2 and 3 (the stated reason "did not motivate the action, or . . . was insufficient to motivate the action") by reference to the difference between direct and circumstantial evidence. There is no need to complicate life by reference to that distinction.

There is also a potential for confusion in the first test ("had no basis in fact") in the three-part formula articulated in cases like *Davis v. Con–Way Transportation Central Express, Inc., supra.* If the stated reason was not the actual one, it is a pretext even if it had some basis in fact—even if it might have induced some employers to fire or take other adverse action against the plaintiff but did not induce this employer to do so. That is test number 2, and it is all that the law needs. Number 1 could be understood (though it is not so intended) to mean that a reason that had no factual basis was necessarily pretextual, yet it would not be if, though profoundly mistaken, it was the actual motive for the employer's action. Suppose the complaint of sexual harassment in this case had been a pure fabrication, with "no basis in fact" whatsoever—yet it was believed by the employer and it was that belief and nothing else that caused him to fire the plaintiff. There would be nothing pretextual about his action. A pretext, to repeat, is a deliberate falsehood. *Farrell v. Butler University,* 421 F.3d 609, 613 (7th Cir. 2005); *Millbrook v. IBP, Inc.,* 280 F.3d 1169, 1175 (7th Cir.2002); *Price v. Thompson,* 380 F.3d 209, 215 n. 1 (4th Cir.2004); *Silvera v. Orange County School Board,* 244 F.3d 1253, 1261 (11th Cir.2001). An honest mistake, however dumb, is not, and if there is no doubt that it is the real reason it blocks the case at the summary-judgment stage. "The only concern in reviewing an employer's reasons for termination is the honesty of the employer's beliefs." *Balderston v. Fairbanks Morse Engine Division,* 328 F.3d 309, 323 (7th Cir.2003).

AFFIRMED.